JOHN FLANNAGAN v. J. B. HEATH.

[FILED MAY 6, 1891.]

1. **Account: REVIEW.** In an action to recover the balance due on an account, the items of which and credits thereon being set out in full, *held*, that the evidence sustained the judgment of the trial court.

2. **New Trial: NEWLY DISCOVERED EVIDENCE.** Where newly-discovered evidence is merely cumulative, and is not of so controlling a character that it will probably change the verdict, it is not sufficient to justify the granting of a new trial.

3. **Account: REVIEW.** In an action to recover the balance of an account where in the prayer it is sought to recover "the amount of said bill," no definite sum being named therein, and no objection has been made in the motion for a new trial that the judgment is excessive, the question of such excess will not be considered by the supreme court, it being a court of review.

ERROR to the district court for Douglas county. Tried below before DOANE, J.

*D. Van Etten*, for plaintiff in error.

*Gregory, Day & Day*, contra.

PER CURIAM.

This action was brought by the defendant in error against the plaintiff in error to recover the balance due

upon an account.    An itemized copy of the account and also of the credits thereon are set out in the petition.

The answer is a general denial.

On the trial of the cause a jury was waived and the cause tried to the court, which rendered judgment in favor of the defendant in error for the full amount claimed by him.

There were three grounds assigned in the motion for a new trial, viz.:

First—That the judgment is not sustained by and is contrary to the evidence.

Second—That the judgment is contrary to law.

'Third—Newly discovered evidence.

The testimony tends to show that the plaintiff in error kept a feed store in the city of Omaha.    The defendant in error also seems to have been engaged in the wholesale business, selling flour and feed.    The plaintiff in error purchased certain goods of the defendant in error on credit, and made certain payments thereon.    The plaintiff in error appears to have resided in the country, and seems to have carried on his feed store in Omaha by means of a clerk.    The principal contention on his part is that this clerk purchased goods in the plaintiff in error's name, and without authority, for the use of the clerk himself.    The testimony on the part of both the plaintiff in error and defendant in error was directed almost entirely to this point and the clear weight of such testimony sustains the finding of the court that the goods were purchased for the plaintiff in error.

The alleged newly discovered evidence is merely cumulative, and even if true would not necessarily cause a reversal of the judgment.    To justify the granting of a new trial for newly discovered cumulative evidence, such evidence must be of so controlling a character that it would probably change the verdict. (*Windham v. Kendall*, 7 R. I., 77 ; *Levitsky v. Johnson*, 35 California, 41; Maxwell's Pl. & Prac. [5th Ed.], 447.)

The plaintiff in error also raises a point which was not assigned in his motion for a new trial, viz., that the judgment is in excess of the prayer of the petition. The prayer is as follows: "Wherefore plaintiff demands judgment of defendant for the amount of said bill with costs of suit." This is very indefinite, and had objection been made in the court below, it is probable that it should have been sustained. The prayer of a petition should be for a definite sum, and where interest is desired, it should be asked for. If no objection is made to the petition, however, and the judgment can be sustained consistent with the rules of law, it will not be set aside. In other words, prejudicial error must affirmatively appear, and if it does not, the judgment will be affirmed.

The claim that the judgment is excessive should have been made in the trial court, and as this is a mere court of review it cannot be considered here for the first time.

The judgment of the district court is

AFFIRMED.

THE other judges concur.